UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOANNE JONES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-CV-263-SNLJ |
| | ) | |
| UNION PACIFIC RAILROAD CO., | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiffs are the surviving relatives of a man who was killed as the result of a train accident in Butler County, Missouri. In 2012, plaintiffs filed a lawsuit against Butler County and Union Pacific Railroad Company for wrongful death and other claims in the Circuit Court of Butler County, Missouri ("2012 Case"). Plaintiffs settled with Butler County but proceeded to trial with Union Pacific. On the eve of trial, the court granted partial summary judgment to Union Pacific. Plaintiffs wanted to appeal the decision immediately, so they dismissed the remaining counts (Counts I and II) without prejudice and appealed the summary judgment to the Missouri Court of Appeals. In order to preserve the claims they had dismissed, and in recognition that they might not win on appeal and thus might not be able to add those claims back to the 2012 Case, plaintiffs re-filed the two dismissed claims in a new action again filed in Butler County ("2016 Case"). Plaintiffs did not, however, serve defendant Union Pacific with process as they waited for a result in the 2012 Case appeal.

The Missouri Court of Appeals reversed the Butler County trial court's grant of summary judgment on October 18, 2016. Plaintiffs thus sought to amend their 2012 Case petition to include the previously-dismissed claims. That motion is still pending.

Meanwhile, Union Pacific --- although not yet served with the petition in the 2016 Case --- learned of the 2016 Case, and its attorney entered an appearance and promptly removed the case to this Court citing this Court's diversity jurisdiction (#1).

Plaintiffs moved to remand this matter back to state court (#12). Plaintiffs do not contest that the Court has jurisdiction over the case. Rather, plaintiffs argue that it is fundamentally unfair for Union Pacific to have removed the case before being served with process because, plaintiffs say, they have not yet determined whether they need to proceed with the 2016 Case. If the state court grants their motion to amend the petition to re-add Counts I and II in the 2012 Case, then plaintiffs can dismiss or consolidate their 2016 Case.

Plaintiffs also argue that this Court should apply the "*Colorado River* Abstention" doctrine due to the "substantial similarity . . . between the state and federal proceedings" because "there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). In the alternative, plaintiffs suggest the Court should remand the case because "pending action doctrine" abstention is appropriate here to allow the first-filed (2012) case to proceed and the second-filed (2016) case dismissed or remanded. *United States v. Doe Run Res. Corp*., 4:10CV01895 JCH, 2011 WL 1771007, at *2 (E.D. Mo. May 10, 2011).

Again, plaintiffs do not contest that subject matter jurisdiction exists here because the plaintiffs and defendants are citizens of different states. The procedure for removal of civil actions statute, 28 U.S.C. § 1446, does not require that removal occur only after service. Although the Supreme Court has held that the 30-day limitations period on removal begins after service, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999), that case does not stand for the proposition that removal *must* occur after service. "The Court's holding in *Murphy Brothers* … concerned only what triggered the thirty day deadline for removal; it did not resolve whether a party could file for removal before being formally served." *Miller v. Cottrell, Inc.*, 06-0141-CV-W-NKL, 2006 WL 1313367, at *2 (W.D. Mo. May 12, 2006). Nothing in 28 U.S.C. § 1441 or any other statute requires defendants to have been served prior to removing a case to federal court. *Taylor v. Cottrell, Inc*., 4:09-CV-536-HEA, 2009 WL 1657427, at *2 (E.D. Mo. June 10, 2009). In fact, because a defendant can submit to the jurisdiction of a court by waiving process, and because the federal statute provides a mechanism for serving process *after* removal, 28 U.S.C. § 1448, plaintiffs' position that removal was improper is all the more untenable. *See, e.g.*, *Hutton v. KDM Transp., Inc.*, CIV.A. 14-3264, 2014 WL 3353237, at *4 (E.D. Pa. July 9, 2014).

As for the two abstention doctrines, the Court agrees with defendant that there currently is no pending state court action that is substantially likely to "fully dispose of the claims presented in the federal court." *Fru-Con Const. Corp*., 574 F.3d at 535. The plaintiffs' motion to amend the petition to make the 2012 Case substantially similar to the 2016 Case is still pending. The Court must be mindful that its "analysis focuses on

matters as they currently exist, not as they could be modified." *Id.* Although the pending state-court claims are similar to the claims here in that they seek the same ultimate relief, if the plaintiffs were to lose on their currently-pending claims in the 2012 case, they would still be able to proceed on the claims now pending in this Court. "[J]urisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings." *Id.*

Defendant admits that if plaintiffs are granted leave to file the First Amended Petition in the 2012 Case, then plaintiffs may revisit the abstention issue with the Court on a later motion. (#17 at 13.) However, the Court undoubtedly has jurisdiction over plaintiffs' claims currently pending before the Court, and the motion to remand must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand (#12) is **DENIED.**

Dated this  27th  day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE