UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOANNE JONES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:16-CV-263-SNLJ |
| | ) |
| UNION PACIFIC RAILROAD CO., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' second motion to remand (#25). The matter is fully briefed and ready for disposition.

Plaintiffs are the surviving relatives of a man who was killed as the result of a train accident in Butler County, Missouri. In 2012, plaintiffs filed a lawsuit against Butler County and Union Pacific Railroad Company for wrongful death and other claims in the Circuit Court of Butler County, Missouri ("2012 Case"). Plaintiffs settled with Butler County but proceeded to trial against Union Pacific. On the eve of trial, the court granted partial summary judgment to Union Pacific. Plaintiffs wanted to appeal the decision immediately, so they dismissed the remaining counts (Counts I and II) without prejudice and appealed the summary judgment to the Missouri Court of Appeals. In order to preserve the claims they had dismissed, and recognizing that they might not win on appeal and thus might not be able to add Counts I and II back to the 2012 Case, plaintiffs re-filed the two dismissed claims in a new action filed in Butler County ("2016 Case").

1

Plaintiffs did not, however, serve defendant Union Pacific with process as they waited for a result in the 2012 Case appeal.

The Missouri Court of Appeals reversed the Butler County trial court's grant of summary judgment on October 18, 2016. Plaintiffs thus sought to amend their 2012 Case petition to include the previously-dismissed claims. While that motion was pending, Union Pacific --- although not yet served with the petition in the 2016 Case --- learned of the 2016 Case, and its attorney entered an appearance and promptly removed the case to this Court citing this Court's diversity jurisdiction (#1).

Plaintiffs do not contest that the Court has jurisdiction over the case.  Rather, plaintiffs moved to remand this matter back to state court citing the "*Colorado River* Abstention" doctrine and the abatement doctrine (#12). This Court denied that motion because there was at that time no pending state court action that was substantially likely to "fully dispose of the claims presented in the federal court" (#19 at 3 (quoting *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009))). Defendant conceded that if plaintiffs were granted leave to file the First Amended Petition in the 2012 Case, then plaintiffs may revisit the abstention issue with the Court on a later motion. (#17 at 13; #19 at 4.)

On May 19, 2017, the Circuit Court of Butler County granted plaintiffs' Motion to Amend the 2012 Case to add Counts I and II. Now that parallel proceedings exist in state and federal courts, plaintiffs argue that the Court should remand this matter to state court (#25).

In general, federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  In *Colorado River*, however, the Supreme Court recognized a district court's authority to abstain from exercising jurisdiction over parallel state and federal proceedings because of "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources, and comprehensive disposition of litigation.'" *Id*. In carving out this exception to a district court's usual obligation to exercise jurisdiction, the Supreme Court cautioned that "[o]nly the clearest of justifications will warrant" abstention. *Id*. at 819. Specifically, a district court may abstain if parallel state and federal actions exist and exceptional circumstances warrant abstention. *See id.* at 817-819; *Fru-Con Costr. Corp.*, 574 F.3d at 534.

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."

*Colorado River*, 424 U.S. at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959)).

The Eighth Circuit recognizes that determining whether exceptional circumstances exists requires evaluation of six factors.

    (1)    whether there is a res over which one court has established jurisdiction;

    (2)    the inconvenience of the federal forum;

3

(3)     whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed;

(4)     which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases;

(5)     whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls; and

(6)     the adequacy of the state forum to protect the federal plaintiff's rights.

*See* Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc., 48 F.3d 294, 297 (8th Cir. 1995); *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006); *see also Colorado River*, 424 U.S. at 817; *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-26 (1983).

However, "[t]hese factors are not intended to be exhaustive, nor are they mechanically applied." *Mountain Pure*, 439 F.3d at 926 "Rather, they are pragmatically applied to advance the clear federal policy of avoiding piecemeal adjudication." *Mountain Pure*, 439 F.3d at 926 (internal citations and quotations omitted).

In considering these factors, a district court must carefully balance them "as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16. Additionally, the weight a district court gives "to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.*

4

The Court finds that factors one, two, five, and six are neutral in this case. Here, the Court focuses on factors three and four.

**Factor 3**:  Will maintaining separate actions result in piecemeal litigation?

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *LaDuke v. Burlington N.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). Because the policies underlying the "Colorado River Abstention" doctrine include "consideration of '[w]ise judicial administration,'" courts have given the greatest weight to considerations of avoiding piecemeal litigation. *Federated Rural*, 48 F.3d at 297-98 (quoting *Colorado River*, 424 U.S. at 817) (holding that the most important factor in that case weighing in favor of abstention was the "clear federal policy" in the relevant legislation of avoiding "piecemeal adjudication of water rights in a river system").

Here, there is a risk that two different courts could duplicate their efforts and reach different results. *See LaDuke*, 879 F.2d at 1560. The claims pending before this Court have been added to claims in the state court causing parallel cases. If the state and federal court proceedings were to continue as they now stand, both courts will have to consider the same evidence and laws to decide the case. Accordingly, this risk of piecemeal litigation weighs in favor of abstention.

**Factor 4**:  Which case has priority?

The Supreme Court has advised district courts that, when considering the fourth factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H.*

5

*Cone*, 460 U.S. at 21. Here, the state court nearly completely litigated these claims, prior to dismissal, thus significantly more progress has been made in the state court proceeding than in the federal proceeding. (#26 at 5.) The parties adopted all discovery from the 2012 Case for use in the 2016 Case. (#29 at 7.) Thus, the fourth factor also weighs in favor of abstention. *See Colorado River*, 424 U.S. at 820.

In sum, the claims in this case are identical to the claims pending in the 2012 Case currently pending in state court. The parties had already litigated the 2012 Case (and its claims) nearly to trial when the matter was appealed. This case, and its duplicate claims, are in essence a procedural aberration, and it need not be litigated twice. Abstention thus serves an important countervailing interest.

Typically, federal courts applying the "*Colorado River* Abstention" doctrine dismiss or stay the case. *Colorado River*, 424 U.S. at 809; *Fru-Con Costr. Corp.*, 574 F.3d at 534. Here, plaintiffs cannot seek dismissal of this case because they have previously dismissed these claims in state court, thus Federal Rule of Civil Procedure 41 would deem the claim adjudicated on the merits. Fed. R. Civ. P. 41(a)(1)(B) ("if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.").

Dismissal would thus obliterate plaintiffs' claims in *both* the 2012 Case and the 2016 Case. Dismissal of this case, then, would produce an unfair result to plaintiffs, denying them their day in court.

Defendant argues that the Court has no authority to remand under these circumstances and that remand would complicate the case further by creating two parallel

6

state court proceedings that would require consolidation. Although there may be some support for remand in the context of abstention, *Federal Nat. Mortg. Ass'n v. Guse*, No. 13–CV–0801, 2014 WL 127033, (D. Minn. Jan. 14, 2014), the Court's authority to remand this case under these circumstances is not certain. In addition, defendant argues that plaintiffs' motion to remand is untimely because it was not made within 30 days of the case's removal pursuant to 28 U.S.C. § 1447(c). That argument is moot, however, because the Court will deny plaintiffs' motion to remand, and instead the the Court will stay these proceedings in accordance with the *Colorado River* Abstention Doctrine and the alternative relief sought by plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#25) is **DENIED.**

**IT IS FURTHER ORDERED that this matter is STAYED until further order of the Court.**

Dated this  25th  day of July, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE